1
2
3
4
5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY ALEXIS CRIBBET, | CASE NO. 1:12-cv-01142-BAM |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

On July 11, 2012, plaintiff, Brittany Alexis Cribbet ("Plaintiff"), proceeding *in forma pauperis*, filed a complaint in this Court against the Commissioner of Social Security ("Commissioner").  Plaintiff alleges the Commissioner wrongly denied her supplemental security income under Title XVI of the Social Security Act.

**I.      Screening Requirement**

The statutory privilege of proceeding *in forma pauperis* is a privilege, not a right. *Williams v. Field*, 394 F.2d 329, 332 (9th Cir.), *cert. denied*, 393 U.S. 891 (1968); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.), *cert. denied,* (1965).  "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit."  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  Accordingly, the statute requires the Court to screen any case in which a plaintiff proceeds *in forma pauperis*, as provided in 28 U.S.C. § 1915.  Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits. *See, e.g.*, 42 U.S.C. § 405(g) (establishing conditions under which a claimant of social security benefits may seek judicial review of the Commissioner's

1

1   determination).  A court must dismiss any case, regardless of the fee paid, if the action or appeal

2   is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

3   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B).

4          In determining whether a complaint states a claim, the Court looks to the pleading

5   standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain

6   "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

7   Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

8   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

9   accusation.*"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.*

10  *Twombly*, 550 U.S. 554, 555 (2007)).

11         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

12  relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

13  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . .

14  'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.

15  Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all

16  factual allegations contained in a complaint, a court need not accept a plaintiff's legal

17  conclusions as true.  *Iqbal*, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of

18  action, supported by mere conclusory statements, do not suffice."  *Id.* (quoting *Twombly*, 550

19  U.S. at 555).  If the Court determines that the complaint fails to state a claim, leave to amend

20  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

21  *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

22  **II.    Plaintiff's Complaint**

23         Plaintiff's Complaint, in its entirety, reads as follows:

24         Jurisdiction is proper in this court pursuant to section 205(g) of the Social
           Security Act, 45 U.S.C. section 405(g), to review a final determination of the
25         Commissioner.  I have appealed my case through all the steps required by the
           Social Security Administration and they have issued a final decision denying my
26         claim.

27         The defendant, Commissioner of the Social Security Administration, has wrongly
           denied me my rights to Supplemental Security Income as stated in the Social
28         Security Act Title XVI.

1 I ask that the court overturn the determination of the Social Security
2 Administration and award me the benefits to which I am entitled.  Along with the
back pay that is due me.

3 (Doc. 1.)

4 **III.    Discussion**

5 Rule 12(b) (1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of

6 subject matter jurisdiction. Federal courts are courts of limited jurisdiction and lack inherent or

7 general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the

8 United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian*

9 *Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994).  Federal courts are

10 presumptively without jurisdiction over civil actions, and the burden to establish the contrary

11 rests upon the party asserting jurisdiction. *Kokkonen,* 511 U.S. at 377.  Lack of subject matter

12 jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v.*

13 *Videotape Computer Products, Inc.*, 93 F.3d 593, 594–595 (9th Cir.1996). "Nothing is to be

14 more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon.

15 Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988).

16 Judicial review of the Commissioner's administrative decisions is governed by section

17 405, subdivisions (g) and (h), of the Social Security Act, which provides in pertinent part:

18 (g) Any individual, after any final decision of the Commissioner of Social
19 Security made after a hearing to which he was a party, irrespective of the amount
in controversy, may obtain a review of such decision by a civil action commenced
within sixty days after the mailing to him of notice of such decision or within such
20 further time as the Commissioner of Social Security may allow.

21 (h) The findings and decision of the Commissioner after a hearing shall be
binding upon all individuals who were parties to such hearing. No findings of
22 facts or decision of the Commissioner shall be reviewed by any person, tribunal,
or governmental agency except as herein provided. No action against the United
23 States, the Commissioner, or any officer or employee thereof shall be brought
under section 1331 or 1346 of Title 28 to recover on any claim arising under this
24 subchapter.

25 42 U.S.C. § 405(g).

26 The aforementioned section operates as a statute of limitations setting the time period in

27 which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York,*

28 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L. Ed.2d 462 (1986).  Because the appeal provision set

1   forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly

2   construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). *See*

3   *also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor

4   of the Commissioner for untimely filing of one day).  Accordingly, a complaint appealing the

5   Commissioner's denial of an application for social security benefits must allege the dates of the

6   plaintiff's application(s) and the related denial(s). *Cook v. Astrue*, 2012 WL 812380 at *3

7   (E.D.Cal. March 9, 2012); *Sanchez v. Astrue*, 2011 WL 1549307 at *2-3 (E.D. Cal. 2011).  The

8   plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the

9   application date, the decision date, and the outcome. *Id; See also Pierre v. Comm. of Soc. Sec.*,

10  2012 WL 1066811 at * 3 (S.D. Fla. 2012) (requiring a plaintiff to allege facts supporting the

11  conclusion that Commissioner rendered a final decision in the application below).

12        Here, Plaintiff has not provided any dates related to her application or applications for

13  disability benefits and the denials related thereto. Therefore, it is impossible for this Court to

14  determine whether Plaintiff's filing is timely.  Additionally, the complaint's sole assertion of a

15  basis for relief is that Plaintiff feels the Commissioner's decision was wrong.  This is

16  insufficient, as Rule 8 requires a plaintiff to assert the basis upon which she grounds her claim.

17  *See Brown v. Astrue*, 2011 WL 3664429 (D. N.H. 2011) ("The complaint's sole assertion of a

18  basis for relief is that Brown feels the SSA decision was wrong. While § 405(g) does not require

19  that a complaint spell out the basis upon which relief might be granted, Rule 8(a) requires a civil

20  plaintiff to assert the basis upon which he grounds his claim. Plaintiff here has not done so.")

21  Any amended complaint must establish a minimal factual basis for Plaintiff's claims, in addition

22  to establishing that the case is properly before this Court and is timely.

23        Because the complaint fails to allege facts sufficient to state a claim upon which relief can

24  be granted, this Court will dismiss it. The Court will provide Plaintiff with an additional

25  opportunity to file an amended complaint curing the deficiencies identified by the Court in this

26  order.  Plaintiff must revise her complaint to allege facts sufficient to support a cognizable claim.

27  Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended

28  complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1       Plaintiff's amended complaint should be brief, but must allege sufficient facts to establish

2 her cause of action. Fed. R. Civ. P. 8(a).  Plaintiff should focus on setting forth, as briefly but

3 specifically as possible, the facts necessary to state a claim on which relief may be granted.

4 Plaintiff must avoid including unnecessary language, as well as advocacy and argumentation

5 more appropriate in her opening brief, which is to be submitted later.

6       Plaintiff is advised that each amended complaint supercedes all prior complaints, *Forsyth*

7 *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*,

8 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior

9 or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint

10 which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord*

11 *Forsyth*, 114 F.3d at 1474.

12 **CONCLUSION**

13       Based on the foregoing, it is HEREBY ORDERED that:

14     1.     Plaintiff's complaint is dismissed with leave to amend for failure to state facts

15           sufficient to state a claim on which relief may be granted;

16     2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

17           amended complaint curing the deficiencies identified by the Court in this order;

18           and

19     3.     If Plaintiff fails to file an amended complaint within **thirty (30) days** from the

20           date of service of this order, this action will be dismissed with prejudice, pursuant

21           to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

22

23     IT IS SO ORDERED.

24   **Dated:**    **October 29, 2012**              **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE

25

26

27

28