UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY ALEXIS CRIBBET,<br><br>         Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>         Defendant. | CASE NO. 1:12-cv-01142-AWI-BAM<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S FAILURE TO FOLLOW THE COURT'S ORDER |

On July 11, 2012, plaintiff Brittany Alexis Cribbet ("Plaintiff"), proceeding *in forma pauperis*, filed a complaint in this Court against the Commissioner of Social Security ("Commissioner"). Plaintiff alleges the Commissioner wrongly denied her supplemental security income under Title XVI of the Social Security Act. Following a preliminary review of the complaint, on October 29, 2012, the Court issued an order dismissing the complaint because it failed to state a claim. (Doc. 4.) However, Plaintiff was granted leave to file an amended complaint within thirty (30) days. The Court's order was served by mail on October 29, 2012 and has not been returned as undeliverable. Over sixty-five (65) days have passed, and Plaintiff has not complied with the Court's order.

1

# I. DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending with no action and no response from Plaintiff for over two months. Plaintiff has failed to respond to the Court's order and appears to have abandoned the case. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air*

*West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the fifth factor also favors dismissal.  The Court has advised Plaintiff of the Local Rules and Plaintiff has now had over sixty-five days to file an amended complaint. The Court finds no suitable alternative to dismissal of this action.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's order of October 29, 2012.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)

IT IS SO ORDERED.

Dated: **January 8, 2013**              /s/ **Barbara A. McAuliffe**
                                  UNITED STATES MAGISTRATE JUDGE